UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BANK OF AMERICA, N.A.,

        Plaintiff,                               Hon. Janet T. Neff

v.                                            Case No. 1:21-cv-430

KETURAH MIXON, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

On May 24, 2021, Plaintiff Bank of America, N.A. (BANA), invoking this Court's diversity jurisdiction, filed its complaint in this action against Defendants Keturah Mixon and Doe Defendant Kingdom Warriors Ministry (KWM), seeking to quiet title to certain real property commonly known as 243 Devon Road, Battle Creek, Michigan 49015 (the Property). In particular, BANA sought an order directing that an unauthorized and forged satisfaction of mortgage be expunged and declared to be of no force and effect. In spite of diligent efforts, BANA was unable to locate KWM for service of the summons and complaint. In addition, Keturah Mixon filed a motion to dismiss asserting, without support, that diversity was lacking because KWM was domiciled in Delaware. Accordingly, I extended the time for service and authorized BANA to conduct limited discovery to obtain information pertaining to service on KWM and its citizenship for purposes of diversity jurisdiction. (ECF Nos. 30, 35.) On December 22, 2021, I issued a Report and Recommendation (R&R) recommending that Keturah's motion be denied and that the Court find KWM to be a fictious entity. (ECF No. 47.) The Court adopted the R&R on January 8, 2022. (ECF No. 54.)

1

On January 13, 2022, BANA filed a motion for leave to file a First Amended Complaint to remove KWM as a party, add Antonio Mixon as a necessary party, and add a claim for foreclosure of the mortgage. (ECF No. 49.) I granted the motion on January 26, 2022, and directed the Clerk to docket BANA's proposed amended pleading attached to the motion as the operative pleading. (ECF No. 59.) In the meantime, Keturah had filed a second motion to dismiss (ECF No. 56), and Keturah and Antonio filed a second motion to dismiss on February 8, 2022 (ECF No. 64). Because Keturah had already filed a motion to dismiss, I construe ECF No. 56 as her motion to dismiss the First Amended Complaint and ECF No. 64 as Anthony's motion to dismiss the First Amended Complaint. Both motions are fully briefed and ready for decision.

Pursuant to 28 U.S.C. § 636(1)(B), I recommend that both motions be **DENIED.**

## I.  Background

The pertinent facts were set forth in the December 22, 2021 R&R as follows:

On January 29, 2010, Andrew A. Askler and Arthur J. Quinn conveyed the Property to Defendant Mixon by warranty deed for the sum of $121,000.00. (ECF No. 1 at PageID.3; ECF No. 1-1.) Mixon financed the purchase with a loan in the amount of $118,800.00 from Top Flite Financial Inc. As security for the loan, Mixon granted a purchase money mortgage on the Property to Mortgage Electronic Registration Systems Inc. (MERS), solely as nominee for Top Flight. (ECF No. 1 at PageID.3.; ECF No. 1-2.) On or about July 21, 2011, MERS assigned the mortgage to BAC Home Loans Servicing LP, f/k/a/ Countrywide Home Loans Servicing, LP. (ECF No. 1 at PageID.3–4.)

On or about February 8, 2012, Mixon and BANA, as successor by merger to BAC Home Loans Servicing, LP, entered into a Loan Modification Agreement. (ECF No. 1 at PageID.4; ECF No. 1-4.) On July 21, 2014, an unauthorized and forged satisfaction of mortgage was created and purportedly executed by BANA. (ECF No. 1 at PageID.4; ECF No. 1-7.) On October 13, 2014, Mixon conveyed her interest in the Property to Antonio Mixon by quit claim deed. (ECF No. 1 at PageID.4; ECF No. 1-5.)

On December 2, 2014, Mixon recorded a notice of lis pendens against the Property with the Calhoun County Register of Deeds, stating that she had filed an action regarding the Property against BANA and several other defendants in the Calhoun County Circuit. (ECF No. 1 at PageID.4; ECF No. 1-6.) In fact, Mixon filed a complaint asserting a quiet title action in the Calhoun County Circuit Court on or

2

about December 16, 2014, against BANA and John Does 1-20, which BANA removed to this Court on May 8, 2015, on the basis of diversity jurisdiction. *Mixon v. Bank of America N.A., et al.*, No. 1:15-cv-486 (W.D. Mich.) (*Mixon I*) (ECF No. 1; ECF No. 1-4.) Following the removal, BANA filed a motion to dismiss. Mixon had claimed that she paid the underlying debt secured by the mortgage in full, but BANA submitted documentation "demonstrating that not only has Plaintiff not paid off the debt in question, but instead has failed to regularly make her scheduled mortgage payments." *Mixon I*, ECF No. 16 at PageID.515. In her June 26, 2015 Report and Recommendation, Magistrate Judge Carmody found that the balance of the loan as of March 5, 2015 exceeded $137,000.00 and that Mixon's arguments in support of her quiet title action were frivolous. *Id.* The Court adopted the Report and Recommendation and entered judgment for BANA. *Id.*, ECF Nos. 17 and 18.

Mixon sued BANA again on May 3, 2018, along with others, in this Court alleging various claims under federal and state law. *Mixon v. David Trott, et al.* (*Mixon II*), No. 1:18-cv-499 (W.D. Mich.). BANA filed a motion to dismiss arguing, among other things, that Mixon's claims were barred by res judicata and collateral estoppel. *Mixon II*, ECF No. 36. On August 1, 2018, Magistrate Judge Carmody issued a Report and Recommendation recommending that BANA's motion be granted because res judicata, or claim preclusion, barred Mixon's claims. *Id.*, ECF No. 56. The Court adopted the Report and Recommendation over Mixon's objections and entered judgment for BANA. *Id.*, ECF Nos. 114, 115. Mixon appealed the judgment to the Sixth Circuit, which affirmed the judgment in an unpublished order issued on August 28, 2019. *Id.*, ECF No. 118.

On July 15, 2015, while *Mixon I* was pending, the unauthorized and forged satisfaction of mortgage was recorded in the Calhoun County Register of Deeds. (ECF No. 1 at PageID.4–5; ECF No. 1-7.) On July 19, 2019, BANA assigned the mortgage to the Secretary of Housing and Urban Development (HUD). (ECF No. 1 at PageID.5; ECF No. 1-8.) On October 26, 2016, HUD assigned the mortgage to Wilmington Savings Fund Society, FSB as trustee for Stanwich Mortgage Loans Trust A. (ECF No. 1 at PageID.5; ECF No. 1-9.) Although Mixon had previously conveyed her interest in the Property to Antonio Mixon pursuant to the October 13, 2014 quit claim deed, on August 20, 2020, she executed a warranty deed purporting to convey her interest in the Property to Antonio Mixon. (ECF No. 1 at PageID.5; ECF No. 1-10.) Also on August 20, 2020, Antonio Mixon executed a warranty deed conveying the Property to KWM. (ECF No. 1 at PageID.6; ECF No. 1-11.) On March 4, 2021, Wilmington Savings Fund Society, FSB as trustee for Stanwich Mortgage Loans Trust A assigned the mortgage to BANA. (ECF No. 1 at PageID.6; ECF No. 1-12.)

(ECF No. 47 at PageID.340–42 (footnotes omitted).)

## II.  Motion Standards

In her motion, Keturah cites Federal Rules of Civil Procedure 11, 41(b), and 60(d)(3). Anthony's motion cites the same rules, but adds Rule 12(b)(1). As explained in the February 11, 2022 Order (ECF No. 65), Rules 11, 41(b), and 60(d)(3) provide no basis for Defendants' motions to dismiss. Therefore I construe the motions as brought under Rule 12(b)(1) and Rule 12(b)(6).

A motion to dismiss under Rule 12(b)(1) for lack of jurisdiction may come in the form of either a "facial attack" or a "factual attack." *O'Bryan v. Holy See*, 556 F.3d 361, 375 (6th Cir. 2009). A facial attack "questions merely the sufficiency of the pleading." *Id.* at 376.

> "[W]hen reviewing a facial attack, a district court takes the allegations in the complaint as true.... If those allegations establish federal claims, jurisdiction exists." However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."

*Id.* (internal citations omitted). "A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Here, the motion— considered along with the exhibits attached to the First Amended Complaint—presents a facial attack.

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating its assertions in a light most favorable to Plaintiff to determine whether it states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2010). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to survive a motion to dismiss, a complaint

must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678-79.

When evaluating a complaint under Rule 12(b)(6), a court may consider the complaint and any exhibits attached thereto, public records, and items appearing in the record of the case. *See Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Continental Identification Prods., Inc. v. EnterMarket, Corp.*, No. 1:07-CV-402, 2008 WL 51610 at *1, n.1 (W.D. Mich. Jan. 2, 2008) (stating that "an exhibit to a pleading is considered a part of the pleading" and "the Court may properly consider the exhibits . . . in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"). Although Antonio requests summary judgment, in the alternative, in his motion to dismiss, I will consider only the First Amended Complaint, its exhibits, public records, and other matters that a court may consider in deciding a Rule 12(b)(6) motion, without converting the pending motions into a Rule 56 motion. *See* Fed. R. Civ. P. 12(d).

### III.  Discussion

#### A.     Standing

Antonio contends that BANA lacks Article III standing to maintain its quiet title/expungement and foreclosure claims in this case. As set forth in the February 11, 2022 Order (ECF No. 65), the Court has previously addressed BANA's Article III standing, concluding that BANA has standing to maintain its claims. (ECF No. 47 at PageID.347; ECF No. 54.) Because the

essential allegations of BANA's First Amended Complaint do not materially differ from those in its original Complaint, there is no need to revisit the determination that BANA has standing under Article III to pursue its claims in this Court. In their reply, the Mixons assert an issue not raised in either motion—that BANA lacks standing under Michigan law. (ECF No. 69 at PageID.898.) Although the Court need not address this argument, *see Bradford v. U.S. Dep't of Labor*, No. 5:14-CV-135, 2016 WL 3945802, at *2 n.1 (W.D. Ky. July 19, 2016) (declining to address an issue raised for the first time in a reply (citing *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)); *Thompson v. DePuy Orthopaedics, Inc.*, No. 1:13-CV-602, 2015 WL 7888387, at *11 n.9 (S.D. Ohio Dec. 4, 2015) ("The Court need not address DePuy's argument that it is not the manufacturer, as issues raised for the first time in a reply brief are deemed waived."), it lacks merit, as BANA easily meets the test for standing under Michigan law, which is that "a litigant has standing whenever there is a legal cause of action." *Lansing Schs. Educ. Ass'n v. Lansing Bd. of Educ.*, 487 Mich. 349, 372 (2010). Here, the Michigan Legislature has provided causes of action for BANA's quiet title/expungement claim, *see* Mich. Comp. Laws §§ 600.2931, 600.2932, and its judicial foreclosure claim. *See* Mich. Comp. Laws § 600.3101 *et seq.*

### B.    Failure to State a Claim

The prior R&R also rejected Keturah's previous argument that BANA failed to state a claim for quiet title under Mich. Comp. Laws § 600.2932. (ECF No. 47 at PageID.347–47.) The Mixons raise a number of new arguments, all of which lack merit.

First, the Mixons devote substantial portions of their motions to citing and quoting at length cases from other jurisdictions, some of which involved BANA or a related entity. (ECF No. 56 at PageID.473–81, 486–89, 493–507; ECF No. 64 at PageID.763–66.) These cases are not relevant to the facts or legal issues at hand, are not binding on this Court, and do not provide the applicable law in this case, which is Michigan law.

Second, the Mixons attack the validity of the various assignments in BANA's chain of title to the mortgage. They first argue that that MERS was not named as a mortgagee in the mortgage and lacked authority to assign the mortgage to BANA and/or its predecessor, BAC Home Loans Servicing LP. (ECF No. 54 at PageID.489–91.) However, Keturah granted the mortgage to MERS as nominee for the lender, Top Flite Financial, Inc., and its successors and assigns, and the mortgage provides that MERS "has the right: to exercise any or all of those interests [granted by the mortgagor], including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument." (ECF No. 60-5 at PageID.699–700.) MERS, the mortgagee as nominee for Top Flight, was therefore authorized to assign the mortgage to BANA.[1] *See Rush v. Mac*, 792 F.3d 600, 602 604–05 (6th Cir. 2015) (noting BANA's right to foreclose as the assignee of MERS as nominee of the lender, Quicken Loans). Moreover, MERS was authorized to assign the mortgage with or without an interest in the mortgage note, as "[u]nder Michigan law, it is lawful for the holder of the mortgage to be different from the holder of the debt." *Id.* at 604 (citing *Residential Funding Co., LLC v. Saurman*, 490 Mich. 909, 910 (2011)). Because BANA's claims in this action do not implicate the note, Keturah's assertions that BANA altered the original note or that BANA lacks an interest in the note are not material to BANA's mortgage-related claims. As for the Mixons' challenges to the various assignments in BANA's chain of title, they provide no basis for dismissal because Keturah is not a party to the assignments. The Sixth Circuit aptly summarized this principal in *Kassem v. Ocwen Loan Servicing, LLC*, 704 F. App'x 429 (6th Cir. 2017):

> But as the district court correctly explains, the Kassems—a third party to the assignments—cannot hurdle their lack of contractual standing to challenge the

---

[1] Although MERS's power to assign the mortgage is not explicit, the language granting MERS the right to exercise the interests created by the mortgage, including, but not limited to, the power to foreclose and sell the property, suffices to create a right to transfer or assign the mortgage. *See Hargrow v. Wells Fargo Bank N.A.*, 491 F. App'x 534, 538 n.3 (6th Cir. 2012).

alleged assignment defects unless they can "show that they were prejudiced by [BOA's] failure to comply with [§] 600.3204." *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 825 N.W.2d 329, 337 (2012); *see also Slorp v. Lerner, Sampson & Rothfuss*, 587 Fed. Appx. 249, 254 (6th Cir. 2014) ("A person who is neither a party to the [assignment] contract nor in privity with the parties, and who is not a third-party beneficiary of the contract, is said to lack 'standing' ... to challenge its validity."). "To demonstrate such prejudice, [plaintiffs] must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Kim*, 825 N.W.2d at 337. The quintessential example of prejudice is the danger of "double liability," where a plaintiff may be liable to multiple entities claiming ownership over the mortgage interest. *See, e.g., Powell v. Bank of N.Y. Mellon*, 616 Fed. Appx. 778, 782 (6th Cir. 2015) (finding no prejudice where homeowners had not shown a "risk that [they] would be required to pay the same debt twice."); *Livonia*, 399 Fed. Appx. at 102 (same).

*Id.* at 434. Although Keturah claims that she has paid the indebtedness in full and is being subjected to double liability, her self-serving statements do not defeat BANA's claims on a motion to dismiss. For example, Keturah presented the same copy of the note stamped "Paid" in *Mixon I* that she offers in this action (ECF No. 56-3), which Magistrate Judge Carmody found insufficient in *Mixon I* to rebut BANA's evidence showing that "not only has Plaintiff not paid off the debt in question, but instead has failed to regularly make her scheduled mortgage payments." *Mixon I*, ECF No. 16 at PageID.515. The same is true here: the allegedly "Paid" note proves nothing. Similarly, the satisfaction of mortgage (ECF No. 56-19), which BANA alleges is forged and unauthorized, provides no basis for dismissal. BANA alleges that the satisfaction of mortgage is forged because, among other things, neither Christopher Herra nor Norma Rojas, whose signatures appear on the disputed document, was employed at BANA as of July 21, 2014—the date the document was allegedly executed. (ECF No. 60 at PageID.673.) Thus, in addition to the evidence presented in *Mixon I*, BANA presents a substantial basis to support its allegation that the purported satisfaction of mortgage was forged and unauthorized.[2]

---

[2] Keturah's conclusory assertions that BANA forged her signature on the 2012 Loan Modification and the related Restated Note are largely irrelevant to BANA's claims in this case.

Third, the Mixons argue that dismissal is warranted because BANA perpetrated a fraud on the court, either in the instant case or in *Mixon I*. Although they repeatedly assert that BANA has committed fraud on the court, they offer nothing more than unsupported conclusory accusations in support of this argument. Relatedly, the Mixons accuse BANA's counsel in this case of fabricating the payoff statement attached as Exhibit A to the First Amended Complaint (ECF No. 60-1), which states that the total payoff amount as of November 1, 2021, is $255,428.86. In contrast, the Mixons offer statements dated November 1, 2021 and November 16. 2015, showing different amounts owing on the mortgage loan. (ECF Nos. 56-23 and 56-25.) The Mixons fail to support their claims of fabrication, perjury, and unethical conduct on behalf of BANA's counsel with anything other than conclusory statements based on their own speculation. The documents the Mixons submit do not support their assertions. Accordingly, their argument for "terminating sanctions" lacks merit.

Finally, Keturah's assertion that BANA's claims are time-barred fails. (ECF No. 56 at PageID.523.) BANA's quiet title claim is governed by the 15-year statute of limitations set forth in Mich. Comp. Laws § 600.5801(4), and its foreclosure claim is governed by the 15-year statute of limitations in Mich. Comp. Laws. § 600.5803. *See Adams v. Adams*, 276 Mich. App. 704, 710 (2007); *Campbell v. Campbell*, 102 Mich. App. 462, 466 (1980). Thus, regardless of when BANA's claims accrued, it filed its claims well within the applicable 15-year periods.

## IV.   Conclusion

For the foregoing reasons, I recommend that the Court **deny** the Mixons' motions to dismiss (ECF Nos. 56 and 64).

Dated: April 11, 2022                                      /s/ Sally J. Berens
                                                                      SALLY J. BERENS
                                                                      U.S. Magistrate Judge

9

**NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).