UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BANK OF AMERICA, N.A.,

    Plaintiff,

v.

KETURAH MIXON, et al.,

    Defendants.

_____/

Case No. 1:21-cv-430

HON. JANET T. NEFF

**OPINION AND ORDER**

    This is an action to quiet title and foreclose on a mortgage (First Amended Complaint, ECF No. 60). The case was referred to the Magistrate Judge. The Magistrate Judge issued a Report and Recommendation (ECF No. 71) recommending that the Court deny Defendants' motions to dismiss (ECF Nos. 56 & 64). Before the Court now are Defendants' Objections to the Magistrate Judge's Report and Recommendation (ECF No. 74). For the reasons that follow, the Court overrules and denies the objections and approves and adopts the Magistrate Judge's Report and Recommendation.

    In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court performs de novo consideration to those portions of the Report and Recommendation to which clear and specific objections are made. FED. R. CIV. P. 72(b)(3); *see Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995*); Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam); *Weiler v. U.S. Dep't of Treasury-Internal Revenue Serv.*, No. 19-3729, 2020 WL 2528916, at *1 (6th Cir. Apr. 24, 2020) ("De novo review of a magistrate judge's recommendation is required only where the

objections filed were not frivolous and only applies to factual disputes."). An objection to the Report and Recommendation to be sustainable must "specifically identify the portions of the proposed findings, recommendations, or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). "[G]eneral objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

This Court is not obligated to revisit recast arguments that were thoroughly addressed by the Report and Recommendation. *See, e.g.*, *Frans v. Comm'r of Soc. Sec.*, No. 2:18-CV-4, 2019 WL 3205838, at *1 (W.D. Mich. July 16, 2019). Objections should be targeted at identifying a factual or legal error in the Report and Recommendation that undermines the conclusions and recommendations therein. *See, e.g.*, *Longwish v. Alexis*, No. 1:12-CV-53, 2013 WL 967691, at *1 (W.D. Mich. Mar. 12, 2013). In addition, new arguments or circumstances raised in the first instance in the objections will not be considered. *See Hannon v. Brintlinger*, No. 2:17-CV-33, 2018 WL 1141424, at *1 (W.D. Mich. Mar. 2, 2018) (citing and quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

Defendants catalogue twenty-five objections to the Report and Recommendation (ECF No. 74) by raising the same groundless arguments previously addressed: that the mortgage note was paid in full and the mortgage assignment was invalid. Defendants fail to engage with the Magistrate Judge's reasoning that Defendants' challenges to various assignments in Bank of America's chain of title provide no basis for dismissal because Defendants are not a party to the assignments and have not shown prejudice (ECF No. 71 at PageID.938-939). *Kassem v. Ocwen Loan Servicing, LLC*, 704 F. App'x 429, 434 (6th Cir. 2017) (applying Michigan law). Defendants repeated unsupported allegations of having paid the mortgage note in full also fail on a motion to

dismiss. *See Solo v. United Parcel Serv. Co.*, 819 F.3d 788, 796 (6th Cir. 2016). There is no evidence on record showing payment of the note to substantiate the claim of full satisfaction and even present a factual dispute.

Defendants also re-raise the argument that this action is barred under Michigan law as a "debt collection action" (*id.* at PageID.970). Defendants have not presented any evidence that Defendants were in default at the time mortgage was assigned to show that this is a debt collection action. *See, e.g.*, *Stafford v. Select Portfolio Servicing Inc.*, No. 277041, 2008 WL 1733592, at *2 (Mich. Ct. App. Apr. 15, 2008). The Court finds that the Magistrate Judge stated the legally correct applicable 15-year statute of limitations for the nature of the claims here: claims to quiet title—an action to determine interests in land—and for foreclosure. *See Guardian Depositors' Corp. of Detroit v. Wagner*, 283 N.W. 29, 32 (Mich. 1938) ("Though the statute of limitations may have run against a mortgage note, that does not affect the validity of the mortgage lien given to secure the payment of the same, which mortgage lien may be foreclosed at any time within 15 years after the last payment."); *Akouri v. Comerica Bank*, No. 349923, 2020 WL 6684763, at *2-4 (Mich. Ct. App. Nov. 12, 2020), *appeal denied*, 961 N.W.2d 175 (Mich. 2021); *Adams v. Adams*, 742 N.W.2d 399, 408 (Mich. Ct. App. 2007). For these reasons, Defendants' Objections are overruled. The Court has reviewed the Report and Recommendation and finds it factually sound and legally correct.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Objections to the Report and Recommendation (ECF No. 74) are DENIED.

**IT IS FURTHER ORDERED** that the Court **APPROVES AND ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 71) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss are **DENIED** (ECF Nos. 56 & 64).

Dated:  June 15, 2022

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge