UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BANK OF AMERICA, N.A.,

    Plaintiff,                                    Hon. Janet T. Neff

v.                                             Case No. 1:21-cv-430

KETURAH MIXON, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Presently before me is Defendants' Motion to Void the Settlement Agreement and to Schedule Another Settlement Conference Due to Fraudulent Misrepresentation and Psychological Duress. (ECF No. 111.) The motion is fully briefed and ready for decision. For the reasons that follow, I recommend that the Court **DENY** the motion and enforce the settlement because Plaintiffs fail to demonstrate that the parties' settlement is invalid on any ground.

This is a diversity action in which Plaintiff Bank of America, N.A. (BANA) seeks to quiet title to certain real property commonly known as 243 Devon Road, Battle Creek, Michigan 49015 (the Property), in which Defendants Keturah and Antonio Mixon claim an interest. BANA alleges that it is the current mortgage holder by virtue of a March 4, 2021 assignment from Wilmington Savings Fund Society, FSB as trustee for Stanwich Mortgage Loans Trust A. (ECF No. 1 at PageID.6; ECF No. 1-12.) The Mixons currently possess and reside in the residential structure on the Property.

On May 4, 2023, I conducted a settlement conference at which the Mixons, appearing pro se, and BANA representatives were present. The proceeding began at 9:15 a.m. and concluded at 12:47 p.m. (ECF No. 109.) The conference was successful; by its conclusion, the parties reached

an agreement calling for BANA to pay the Mixons a sum of money structured in two payments, the second of which was to be paid upon the Mixons' satisfactory turnover of the Property to BANA by an agreed date. The parties signed a Memorandum of Settlement calling for subsequent execution of a formal settlement agreement containing "normal and customary settlement provisions no later than May 15, 2023." (ECF No. 118-1 at PageID.1397–98.) The proceeding concluded with the parties affirming the settlement on the record. Everyone appeared satisfied with the result.

Almost immediately, settler's remorse set in. On May 6, 2023, the Mixons sent BANA's counsel an email asking to renegotiate the settlement, but only to increase the amount of BANA's payment to the Mixons. (ECF No. 118-2.) When BANA failed to respond, the Mixons filed the present motion alleging fraud and duress. On May 12, 2023, in accordance with the Memorandum of Settlement, BANA sent the Mixons a Stipulation and Order, a Settlement Agreement, and an Internal Revenue Service Form W-9 for their signatures (the Settlement Documents). (ECF No. 118-3.) Rather than signing, the Mixons refused delivery. (ECF No. 118-4.)

The Mixons' only arguments in support of their motion to void the settlement is that BANA obtained the settlement through fraud and duress. I first address the fraud allegation, which is based on their assertion that BANA misrepresented to the Court that it holds a valid assignment of the mortgage on the Property. The Mixons contend that neither BANA nor Mortgage Electronic Registration Systems, Inc. (MERS) ever received a valid assignment of the mortgage because MERS was not named as the mortgagee in the mortgage and lacked authority to assign the mortgage to BANA and/or its predecessor, BAC Home Loans Servicing LP. (ECF No. 112 at PageID.1338–41.) The April 11, 2022 Report and Recommendation (ECF No. 71), which the Court adopted over the Mixons' objections on June 15, 2022 (ECF No. 75), rejected this recycled argument. (*See* ECF No. 71 at PageID.937–38.) The Mixons obviously take issue with this ruling,

2

and they may have a valid ground for an appeal. But they have not shown that BANA committed fraud on them or the Court, as "there can be no fraud where the means of knowledge regarding the truthfulness of the representation are available to the [party asserting fraud] and the degree of their utilization has not been prohibited by the [alleged defrauding party]." *Webb v. First of Mich. Corp.*, 195 Mich. App. 470, 474 (1992); *see also MacDonald v. Thomas M. Cooley Law Sch.*, 880 F. Supp. 2d 785, 794 (W.D. Mich. 2012), *aff'd*, 724 F.3d 654 (6th Cir. 2013). Here, the Mixons possessed all of the pertinent information they needed to make their previous argument; they simply disagree about the legal effect of the terms of the mortgage. Uncertainty about a district court's ruling is part of the risk calculus that parties undertake in deciding whether to settle a case or to continue litigating, and that is precisely what occurred here. Thus, the Mixons fail to demonstrate fraud that would vitiate the settlement agreement.

This leaves the Mixons' duress argument, which is premised solely on their fraud allegations. (ECF No. 112 at PageID.1341 ("Due to the above-mentioned facts, Mr. and Mrs. Mixon were put under undue, unfair, and unwarranted psychological duress, when they were forced to settle this lawsuit, through fraudulent misrepresentations on behalf of Bank of America through their attorneys Kelli L. Baker and Michelle K. Clark.").) As already explained, there was no fraud. More importantly, the Mixons fail to present any credible evidence of duress. In *Hackley v. Headley*, 45 Mich. 569 (1881), the Michigan Supreme Court stated that "[d]uress exists when one by the unlawful act of another is induced to make a contract or perform some act under circumstances which deprive him of the exercise of free will." *Id.* at 574. Clearly BANA did not commit an unlawful act in obtaining the settlement with the Mixons, and regardless of the definition employed, no reasonable person could find that the settlement agreement was the product of duress. My exchange with the Mixons and BANA's counsel on the record at the settlement conference underscores this point:

3

THE COURT:  . . . .

And I am informed at this point that the parties have reached a settlement in this case. In fact, we have been working over the last couple of hours to finalize a written memorandum of settlement, and I have that in front of me here. It is a, I think at this stage, three-page document, which has ten paragraphs over the course of three pages, and each of the Defendants has signed it as well as Mr. Music on behalf of Bank of America, the Plaintiff.

So my understanding is that all of the terms of the settlement are in the memorandum of settlement. There will be a separate settlement agreement that is a little bit more robust that will eventually be executed by the parties, but the material terms of the settlement are all included in the memorandum of settlement.

Ms. Baker, anything you want to place on the record regarding the memorandum of settlement.

MS. BAKER: No, Your Honor. Thank you.

THE COURT: All right. Ms. Mixon, anything from your perspective that you want to place on the record regarding the memorandum of settlement?

MS. MIXON: No, Your Honor. Thank you.

. . . .

THE COURT: All right. Thank you. And let me start with you, Ms. Mixon. Do you understand all of the terms of the memorandum of settlement?

MS. MIXON: Yes, Your Honor.

THE COURT: And you agree to those terms?

MS. MIXON: Yes, Your Honor.

THE COURT: And do you feel like you have had adequate time to think about it and to talk about it with Mr. Mixon before entering into this agreement today?

MS. MIXON: Yes, Your Honor.

THE COURT: All right. Mr. Mixon, I am going to ask you the same questions. Do you understand all the terms of the settlement?

MR. MIXON: Yes, ma'am.

THE COURT: All right. And do you agree to all of those terms?

MR. MIXON: Yes, ma'am.

> THE COURT: And do you feel like you have had enough time to think about it and talk about it with Ms. Mixon before entering into this settlement agreement today?
>
> MR. MIXON: Yes, ma'am.
>
> THE COURT: And you both agree, Ms. Mixon and Mr. Mixon, that you did indeed sign the memorandum of settlement here in open court today before the hearing?
>
> MS. MIXON: Yes, Your Honor.
>
> MR. MIXON: Yes, Your Honor.
>
> THE COURT: All right. Anyone else have anything they think we need to place on the record?
>
> MS. BAKER: Nothing on the record, Your Honor.
>
> THE COURT: All right. Ms. Mixon?
>
> MS. MIXON: No, Your Honor.
>
> THE COURT: Mr. Mixon?
>
> MR. MIXON: No, ma'am.

(ECF No. 121 at PageID.1433–36.)

It is well established that a trial court possesses "inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case." *Kukla v. National Distillers Prods. Co.*, 483 F.2d 619, 621 (6th Cir. 1973) (internal quotation marks omitted). It is also within a court's inherent power to direct a party to execute and deliver settlement documents that reflect an agreed resolution of the case. *Jaynes v. Austin*, 20 F. App'x 421, 426 (6th Cir. 2001) ("The district court simply directed Defendant to sign forms of the General Releases limited to terms that the parties previously bargained for and incorporated into the mediated Settlement Agreements to dispose of the case. This order was within the inherent power of the district court to enforce the Settlement Agreements while the action was before it."). Accordingly, in addition to denying the Mixons' motion, I recommend that the Court order the Mixons to execute and deliver the Settlement Documents within seven days and that if the Mixons fail to comply, the

Court deem those documents fully executed for purposes of concluding this action. Finally, I recommend that the Court retain jurisdiction to enforce the terms of the settlement agreement, if necessary. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994).

## Conclusion

For the foregoing reasons, I recommend that the Court **deny** the Mixons' motion to withdraw the settlement agreement (ECF No. 111), direct the Mixons to execute and deliver the Settlement Documents within seven days, and deem the Settlement Documents executed if the Mixons fail to comply with the Court's order. Finally, I recommend that the Court retain jurisdiction to enforce the settlement agreement.

Dated: June 6, 2023                             /s/ Sally J. Berens
                                                SALLY J. BERENS
                                                U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).