UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BANK OF AMERICA, N.A.,

     Plaintiff,

                                      Case No. 1:21-cv-430

v.

                                      HON. JANET T. NEFF

KETURAH MIXON, et al.,

     Defendants.

_____/


## ORDER

      This is an action to quiet title and foreclose on a mortgage.  On May 4, 2023, the parties

reached an agreement during a settlement conference with U.S. Magistrate Judge Sally J. Berens

(ECF No. 109).  The parties signed a Memorandum of Settlement calling for subsequent execution

of a formal settlement agreement containing "normal and customary settlement provisions no later

than May 15, 2023" (ECF No. 118-1 at PageID.1397-1398).  The parties also affirmed the

settlement on the record (ECF No. 121).  A few days later, Defendants moved to withdraw from

the agreement (ECF No. 111), arguing that they signed the agreement under duress.  The

Magistrate Judge issued a Report and Recommendation (R&R), recommending that the Court deny

Defendants' motion (ECF No. 123).  Defendants filed objections (ECF No. 124).  On December

13, 2023, this Court held an evidentiary hearing to address Defendants' motion to withdraw from

the settlement agreement and the objections to the R&R (ECF No. 144).[1]  For the reasons stated

on the record, the Court denies the objections and denies Defendants' motion to withdraw from

---

[1] Despite having notice of the hearing (ECF No. 143) and the ability to attend the hearing via video
conferencing, Defendant Keturah Mixon elected not to participate in the hearing.

the settlement.

The Magistrate Judge also recommended that the Court direct Defendants to execute and deliver the settlement documents within seven days and deem the settlement documents executed if the Defendants fail to comply with the Court's order (ECF No. 118-1 at PageID.1397).  Because the Memorandum of Settlement included specific dates for certain actions that have since passed, this presents additional problems.  For example, a stipulated order setting aside the satisfaction of mortgage was to be signed by May 15, 2023, and Defendants were to turn over the property no later than August 4, 2023 (ECF No. 118-1 at PageID.1396-1397).  To cure this problem, the parties are instructed to work together to select new dates and update the settlement documents accordingly.  If the parties are unable to agree on dates, each party shall file their proposed dates separately and the Court will decide.  Once the settlement documents are updated, the parties shall execute the settlement documents and file the stipulation to dismiss this case.

Finally, at the conclusion of the hearing, the Count indicated that it would allow Plaintiff to make the initial settlement payment of $25,000 to the Court to hold in escrow. The Court is no longer inclined to proceed in that manner.  The Memorandum of Settlement provides that the money will be paid to Defendants (ECF No. 118-1 at PageID.1396).  Although Keturah Mixon's bankruptcy case is ongoing, she has been granted an order of discharge.  *In re Keturah Tawana Mixon,* No. 22- 01931, ECF No. 55 (Apr. 5, 2023 Bankr. W.D. Mich.).  Perhaps the money paid by Plaintiff must be used to pay back creditors or the outstanding restitution from Defendants' criminal cases.  But this Court is not in a position to make that decision.  Instead, this Court must enforce the terms of the party's agreement.  Unless the parties agree otherwise, the settlement payments should be paid directly to Defendants.

Accordingly,

2

**IT IS HEREBY ORDERED** that Defendants' Objections (ECF No. 124) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 123) as modified by this Order is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion to Withdraw the Settlement Agreement (ECF No. 111) is DENIED.

**IT IS FURTHER ORDERED** that the parties shall, no later than <u>January 11, 2024</u>, update the settlement documents, execute the settlement agreement, and file the stipulation to dismiss this case.  If the parties are unable to agree on dates, each party may file their proposed dates separately no later than January 11, 2024.

Dated:  December 14, 2023

/s/ Janet T. Neff
_____
JANET T. NEFF
United States District Judge